IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AARON BERNARD CARTER, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL NO. 3:18-CV-1925-S-BT |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional Institutions § | |
| Division, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Aaron Bernard Carter, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be denied.

I.

In September 2015, a jury convicted Petitioner of sexual assault of a child and sentenced him to thirty years in prison. *State of Texas v. Aaron Bernard Carter*, No. F-1356070-T (283rd Jud. Dist. Ct. Dallas County, Tex., September 23, 2015). The Fifth District Court of Appeals affirmed the judgment, *Carter v. State*, No. 05-15-01213-CR, 2017 WL 655925 (Tex. App.

1

– Dallas 2017, no pet.). Petitioner did not seek discretionary review from the Texas Court of Criminal Appeals ("CCA"). (*See* ECF No. 3 at 3).

Petitioner filed an application for a state writ of habeas corpus, *Ex parte Carter*, No. WR-69, 723-02 (ECF No. 11-16 at 27-46), which the CCA denied without written order on the findings of the trial court without a hearing. (ECF No. 11-12). Petitioner then filed his § 2254 petition in federal court, in which he argues:

(1) he is actually innocent;

(2) the trial court erred in two respects;

(3) counsel provided ineffective assistance by withholding evidence at trial; and

(4) he was denied due process in the state habeas proceedings.

II.

**A.  Standard of Review**

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2254. The pertinent terms of the AEDPA provide:

(d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

2

>   (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

Under Texas law, when the CCA denies a state habeas petition, as in this case, the "denial" means that the court rejected the merits of a particular claim. *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) ("Under Texas law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of the claim."); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) ("In our writ jurisprudence, a

3

'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claims merits."). Because the CCA denied Petitioner's claims on the merits, the deferential AEDPA standard of review applies to this petition.

## B. Actual Innocence

Petitioner makes a claim that he is actually innocent. (ECF No. 3 at 6). A claim of actual innocence does not state an independent, substantive constitutional claim and is not a basis for federal habeas corpus relief. *Reed v. Stephens,* 739 F.3d 753, 766 (5th Cir. 2014); *Foster v. Quarterman,* 466 F.3d 359, 367 (5th Cir. 2006). Claims of actual innocence are not cognizable on federal habeas review. *United States v. Fields*, 761 F.3d 443, 479 (5th Cir. 2014) ([Fifth Circuit] "caselaw does not recognize freestanding actual innocence claims."). A claim of actual innocence may not be a basis for federal habeas corpus relief absent an independent federal constitutional violation. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000). Petitioner has not shown an independent federal constitutional violation; thus his actual innocence claim is not cognizable on federal habeas appeal.

## C.   Trial Court Error

Petitioner argues the trial court committed an "abuse of discretion" in two respects. Specifically, the Petitioner states, "First See Indictment shows 1/1/12 To 6/6/12, Tamara Wright testified the only time was at the 4th of July gathering see page 114 #13-15. Second Judge question Counselor and could see Carter's impa[i]red Answers, but let the trial continue." (ECF No. 3 at 11).

With regard to the first claim, the Court understands the Petitioner's argument to be that the trial court failed to take any action regarding the discrepancy between the dates of the offense alleged in the indictment and the date provided by the victim's sister, Tamara Wright ("Wright"). The indictment alleges that the Petitioner committed the sexual assault "between the dates of January 1, 2012 and June 6, 2012," (ECF No. 11-1 at 11), while Wright testified at trial that the assault occurred on approximately July 4, 2012. (*See* ECF No. 11-5 at 116). Petitioner seems to fault the trial court judge for not taking some type of action with regard to the discrepancy.

In the Fifth Circuit, "an allegation as to the time of the offense is not an essential element of the offense charged in the indictment and, 'within reasonable limits, proof of any date before the return of the indictment and within the statute of limitations is sufficient.'" *United States v. Girod*, 646 F.

5

3d 304, 316 (quoting *Russell v. United States*, 429 F.2d 237, 238 (5th Cir.1970); *see United States v. Tunnell*, 667 F.2d 1182, 1186 (5th Cir. 1982) ("In this circuit, it is established that the prosecution is not required to prove the exact date; it suffices if a date reasonably near is established.") (quotation omitted); *see also United States v. Valdez*, 453 F.3d 252, 259–60 (5th Cir. 2006) (same). The trial court judge did not err in not taking action with regard to the approximately three-week discrepancy between the indictment and the testimony provided by Wright at trial. *See Girod*, 646 F.3d at 317 (stating that a four-month discrepancy between the date charged in an indictment and testimony given at trial did not warrant overturning the verdict). To the extent that Petitioner argues that the trial court violated state law on this issue, his claim is not cognizable in a federal habeas petition. Federal habeas corpus relief does not lie for mere errors of state law. *Estelle v. McGuire*, 502 U.S. 62 (1991).

Regarding Petitioner's second claim of trial court error, Petitioner simply states, "Judge question[ed] Counselor and could see [Petitioner's] impa[i]red answers, but let the trial continue." (ECF No. 3 at 11). The Petitioner provides no further explanation or support for this singular and vague statement. *See id*. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *See United States v. Woods*, 870 F.2d. 285, 287-

288 (5th Cir. 1989) (stating that a petitioner bears the burden "of demonstrating at least prima facie, those facts that establish a constitutional violation"); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) ("Mere conclusory statements do not raise a constitutional issue in a habeas case."). Additionally, allegations in a federal habeas petition that are inadequately briefed are waived and will not be considered. *Woods v. Cockrell*, 307 F.3d 353, 357 (5th Cir. 2002). Petitioner's conclusory claim that the trial court "could see [Petitioner's] impa[i]red answers, but let the trial continue," without any further explanation or evidence from the record, is insufficient to provide a basis for relief. *See id.*

Furthermore, to the extent Petitioner is arguing that the trial judge should have evaluated his competency to stand trial, the argument fails. "There are two paths a habeas petitioner may travel in raising the issue that he was incapable of meaningfully participating in his defense. One is that the evidence before the trial court presented a 'bona fide doubt' as to his competency and therefore the court was required to hold a competency hearing before proceeding with trial. Alternatively, a habeas petitioner may collaterally attack his conviction by showing that at the time of trial he was incompetent in fact." *Johnson v. Estelle*, 704 F.2d 232, 238 (5th Cir. 1983). Here, the trial court issued an order for an examination of the Petitioner's

competency on August 19, 2013, and again on July 24, 2014. (*See* ECF No. 11-1 at 24; 94). After both evaluations, the examining doctor found the Petitioner to be competent to stand trial and believed the Petitioner was exaggerating his condition. (See ECF No. 11-1 at 33-35; 99-101).

Moreover, the state habeas court denied these claims when it denied Petitioner's state habeas petition. (*See* ECF No. 11-17 at 6; ECF No. 11-12). Petitioner fails to show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03; *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). As such, Petitioner fails to show there was no reasonable basis for the state court to deny relief. *See Richter*, 526 U.S. at 98.

### D. Ineffective Assistance of Counsel

Petitioner argues his trial attorney rendered ineffective assistance because he "withdrew the judge's inquiry of competency," and withheld "the doctor's report and the competency test." (ECF No. 3 at 6). In support of his argument, Petitioner includes pages 5 and 6 of a "Social Assessment" completed in approximately October 2010. Pages 5 and 6 of the Social

Assessment contain a "Competency Evaluation" of Petitioner "completed by Lisa Kay Clayton, M.D." on October 18, 2010, in relation to a separate criminal proceeding. (*Id.* at 7-8). The Court understands Petitioner's argument to be that his trial attorney provided ineffective assistance by failing to argue that Petitioner was incompetent to stand trial and failing to submit the 2010 Competency Evaluation in support of his argument.

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different

9

outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Regarding Petitioner's claim that his counsel failed to argue that Petitioner was incompetent to stand trial, as previously demonstrated, the trial court issued an order for an examination of Petitioner's competency on August 19, 2013, and again on July 24, 2014. (*See* ECF No. 11-1 at 24; 94). In doing so, the trial court granted the examining doctor access to all of Petitioner's psychiatric and medical records. (*See id.*) And after both evaluations, the examining doctor found Petitioner competent to stand trial. (*See* ECF No. 11-1 at 33-35; 99-101). The doctor specifically noted that Petitioner had been found incompetent to stand trial in a prior case, but the doctor believed Petitioner was then competent and was exaggerating or embellishing his problems. (*See* ECF No. 11-1 at 34-35). Thus, Petitioner wholly fails to demonstrate prejudice, regardless of any alleged action his counsel took, or failed to take, regarding Petitioner's competency. Consequently, Petitioner's claim that his counsel provided ineffective assistance fails. *Strickland*, 466 U.S. at 694.

In his reply brief, Petitioner appears to also claim that his counsel was ineffective for failing to object to the doctor's conclusion regarding Petitioner's competence, because the doctor was "a paid official of the state attorney" and therefore "bias[ed] and prejudice[d]" against Petitioner. (ECF No. 12 at 2). However, Petitioner provides no support from the record to demonstrate that the examining doctor was biased against him. Petitioner's singular statement is insufficient. Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)). Petitioner's conclusory claim is unavailing. *See Miller*, 200 F.3d at 282 (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding"); *see also United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *Schlang*, 691 F.2d at 799 (stating that conclusory claims are insufficient to entitle a habeas corpus petitioner to relief).

Moreover, the state habeas court denied Petitioner's ineffective assistance of counsel claims when it denied Petitioner's state habeas petition. (*See* ECF No. 11-16 at 34-35; ECF No. 11-17 at 4; ECF No. 11-12). Petitioner

11

fails to show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Williams*, 529 U.S. at 402-03; *Childress v. Johnson*, 103 F.3d at 1224-25 (5th Cir. 1997). As such, Petitioner fails to show there was no reasonable basis for the state court to deny relief. *See Richter*, 526 U.S. at 98.

### E.   State Habeas Proceedings

Lastly, Petitioner argues the state habeas court erred in failing to hold a hearing before denying his state habeas application. (*See* ECF No. 3 at 11). He also alleges error because the trial court did not complete its findings on Petitioner's state habeas application within 120 days, as ordered by the state habeas court. (*See id.*). Petitioner's claims challenging the state habeas process do not state a claim for federal habeas relief. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) ("infirmities in the state habeas process do not constitute grounds for relief in federal court"); *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004) (per curiam) (stating federal habeas relief is not available based on state habeas court's misapplication of its own procedural rules).

**F.     Summary**

Petitioner's claim of actual innocence does not state an independent, substantive constitutional claim and is not a basis for federal habeas corpus relief. His claim of errors in the state habeas proceeding does not state a claim for federal habeas relief. Petitioner has provided insufficient evidence to demonstrate his attorney provided ineffective assistance, that the trial court erred regarding discrepancies between the indictment and trial testimony, or with regard to assessing Petitioner's competence. Moreover, Petitioner fails to show the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Williams*, 529 U.S. at 380-84. He fails to show there was no reasonable basis for the state court to deny relief. *Harrington v. Richter*, 562 U.S. at 98.

III.

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2254 should be denied for failure to make a substantial showing of the denial of a federal right.

SO RECOMMENDED.

April 29, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).